ANDREW L. PACKARD (State Bar No. 168690)
WILLIAM N. CARLON (State Bar No. 305739)
LAW OFFICES OF ANDREW L. PACKARD
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4061
andrew@packardlawoffices.com
wncarlon@packardlawoffices.com

Attorneys for Plaintiff
CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>        Plaintiff,<br>    v.<br><br>DenBeste Yard & Garden, Inc.,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES**<br><br>**(Federal Water Pollution Control Act, 33 U.S.C. §§ 1251-1387)** |

CALIFORNIA SPORTFISHING PROTECTION ALLIANCE ("CSPA"), by and through

its counsel, hereby alleges:

I.    **JURISDICTION AND VENUE**

1.    This is a civil suit brought under the citizen suit enforcement provision of the

Federal Water Pollution Control Act, 33 U.S.C. §§ 1251–1387 (the "Clean Water Act," "CWA"

or "Act") against DenBeste Yard & Garden, Inc. ("Defendant").  This Court has subject matter

jurisdiction over the parties and the subject matter of this action pursuant to Section 505(a)(1) of

the Act, 33 U.S.C. § 1365(a), and 28 U.S.C. § 1331 (an action arising under the laws of the

United States).  Specifically, this action arises under Section 505(a)(1)(A) of the Act, 33 U.S.C.

§ 1365(a)(1)(A) (citizen suit to enforce effluent standard or limitation).  The relief requested is

authorized pursuant to 33 U.S.C. §1365(a) (injunctive relief), 1319(d) (civil penalties), and 28 U.S.C. §§ 2201–2202 (power to issue declaratory relief in case of actual controversy and further necessary relief based on such a declaration).

2.     On January 26, 2022, Plaintiff provided written notice to Defendant, via certified mail, of Defendant's violation of the Act ("Notice Letter"), and of Plaintiff's intention to file suit against Defendant, as required by the Act.  *See* 33 U.S.C. § 1365(b)(1)(A); 40 C.F.R. § 135.2(a)(1).  Plaintiff mailed a copy of the Notice Letter to the Administrator of the United States Environmental Protection Agency ("EPA"); the Administrator of EPA Region IX; the Executive Director of the State Water Resources Control Board ("State Board"); and the Executive Officer of the Regional Water Quality Control Board, San Francisco Bay Region ("Regional Board"), pursuant to 40 C.F.R. § 135.2(a)(1).  A true and correct copy of the Notice Letter is attached hereto as **Exhibit A** and is incorporated by reference.

3.     More than sixty days have passed since Plaintiff served the Notice Letter on Defendant and the agencies.  Plaintiff is informed and believes, and thereupon alleges, that neither the EPA nor the State of California has commenced nor is diligently prosecuting a court action to redress the violations alleged in this Complaint.  This action's claims for civil penalties are not barred by any prior administrative penalty under Section 309(g) of the Act, 33 U.S.C. § 1319(g).

4.     Venue is proper in the Northern District of California pursuant to Section 505(c)(1) of the Act, 33 U.S.C. § 1365(c)(1), because the sources of the violations are located within this District.  Venue is also proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.  Intra-district venue is proper in either San Francisco or Oakland, California, because the sources of the violations are located within Sonoma County.

## II.     **INTRODUCTION**

5.     This Complaint seeks relief for Defendant's violations of the CWA at Defendant's facility located at 26916 Asti Road, in Cloverdale, California ("Facility").  Defendant discharges pollutant-contaminated storm water from the Facility into the Russian

River, which discharges to the Pacific Ocean.  The Russian River and the Pacific Ocean (the "Impacted Waters") are waters of the United States within the meaning of the Clean Water Act. Defendant is in violation of both the substantive and procedural requirements of the CWA.

6.     Defendant's unpermitted discharges of polluted storm water from the Facility violate Section 301(a) of the Act, 33 U.S.C. § 1311(a), which prohibits the discharge of storm water associated with industrial activities to waters of the United States except in compliance with the terms of a National Pollutant Discharge Elimination System ("NPDES") permit issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342.  These violations are ongoing and continuous.

7.     Defendant's failure to obtain coverage under the State of California's General Industrial Permit for storm water discharges, State Board Water Quality Order No. 91-13-DWQ, *amended by* Nos. 92-12-DWQ, 97-03-DWQ, 14-0057-DWQ, NPDES General Permit No. CAS000001 (hereinafter "General Permit" or "Permit") is a violation of Section 301(a) of the Act.

8.     The failure on the part of industrial facility operators, such as Defendant, to apply for and comply with the General Permit is recognized as a significant cause of the continuing decline in water quality of receiving waters.  The general consensus among regulatory agencies and water quality specialists is that storm water pollution amounts to more than half the total pollution entering the aquatic environment each year.  With every rainfall event, hundreds of thousands of gallons of polluted storm water originating from industrial facilities discharge to the Impacted Waters.

III.  **PARTIES**

9.     Defendant DenBeste Yard & Garden, Inc. is a California corporation.

10.    The Agent for Service of Process for Defendant DenBeste Yard & Garden, Inc. is PAUL RAY DENBESTE.

11.    Defendant DenBeste Yard & Garden, Inc. owns the Facility.

12.    Defendant DenBeste Yard & Garden, Inc. operates the Facility.

13.    Plaintiff California Sportfishing Protection Alliance ("CSPA") is a non-profit

public benefit corporation organized under the laws of California, with its main offices in Stockton, California.  CSPA is dedicated to the preservation, protection, and defense of the environment, wildlife, and natural resources of California waters, including the waters into which Defendants discharge polluted storm water.  To further its goals, CSPA actively seeks federal and state agency implementation of state and federal water quality laws, including the CWA, and directly initiates enforcement actions on behalf of itself and its members as necessary.

14.     Members of CSPA—including citizens, taxpayers, property owners, and residents—live, work, travel, and recreate on and near the Impacted Waters, into which Defendant causes pollutants to be discharged.  These members of CSPA use and enjoy the Impacted Waters for recreational, educational, scientific, conservation, aesthetic, and spiritual purposes.  Defendant's discharges of storm water containing pollutants impairs each of those uses.  Thus, the interests of CSPA's members have been, are being, and will continue to be adversely affected by Defendant's failure to comply with the CWA and the General Permit.

15.     Members of CSPA reside in California and use and enjoy California's numerous rivers for recreation and other activities.  Members of CSPA use and enjoy the Impacted Waters, into which Defendant has caused, are causing, and will continue to cause, pollutants to be discharged.  Members of CSPA use these areas to hike, fish, boat, kayak, swim, bird watch, view wildlife, and engage in scientific study, including monitoring activities, among other things.  Defendant's discharges of pollutants threaten or impair each of those uses or contribute to such threats and impairments.  Thus, the interests of CSPA's members have been, are being, and will continue to be adversely affected by Defendant's ongoing failure to comply with the CWA.  The relief sought herein will redress the harms to Plaintiff caused by Defendant's activities because that relief will significantly reduce pollution discharged from Defendant's Facility into the Impacted Waters.

16.     Continuing commission of the acts and omissions alleged above will irreparably harm Plaintiff and the citizens of the State of California, for which harm they have no plain, speedy or adequate remedy at law.

IV.     **LEGAL BACKGROUND**

**A.     Clean Water Act**

17.     Congress enacted the CWA to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a).  The CWA establishes an "interim goal of water quality which provides for the protection and propagation of fish, shellfish, and wildlife and provides for recreation in and on the water . . . ." 33 U.S.C. § 1251(a)(2).  To these ends, Congress developed both a water quality-based and a technology-based approach to regulating discharges of pollutants from point sources into waters of the United States.

18.     Section 301(a) of the Act, 33 U.S.C. § 1311(a), prohibits the discharge of any pollutant from a point source into waters of the United States, unless such discharge complies with various enumerated sections of the Act.  Among other things, Section 301(a) prohibits discharges not in conformance with a NPDES permit, such as discharges without a NPDES permit or discharges that violate the terms of an NPDES permit issued pursuant to Section 402 of the Act (33 U.S.C. §1342).

19.     The term "discharge of pollutants" means "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12).  Pollutants are defined to include, among other examples, industrial waste, chemical wastes, biological materials, heat, rock, and sand discharged into water.  33 U.S.C. § 1362(6).

20.     A "point source" is defined as "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, [or] conduit . . . from which pollutants are or may be discharged." 33 U.S.C. § 1362(14).

21.     "Navigable waters" means "the waters of the United States." 33 U.S.C. § 1362(7).  Waters of the United States includes, among other things, waters that are, were, or are susceptible to use in interstate commerce and tributaries to such waters.  40 C.F.R. § 230.3 (2015).

22.     Section 402 of the Act, 33 U.S.C. § 1342, establishes the NPDES program—a permitting program that regulates the discharge of pollutants into waters of the United States.  Section 402(p) establishes a framework for regulating municipal and industrial storm water

discharges under the NPDES program, 33 U.S.C. § 1342(p), and, specifically, requires a NPDES permit for storm water discharges associated with industrial activity.  33 U.S.C. § 1342(p)(2)(B). Section 402 authorizes states with approved NPDES permit programs to regulate industrial storm water discharges, through individual permits issued to dischargers and/or through the issuance of a single, statewide general permit applicable to all industrial storm water dischargers.  33 U.S.C. § 1342(b).

23.     Section 505(a)(1) provides for citizen enforcement actions against any "person," including individuals, corporations, or partnerships, 33 U.S.C. § 1362(5), for violations of NPDES permit requirements and for unpermitted discharges of pollutants.  33 U.S.C. §1365(a)(1) (authorizing actions against any person alleged to be in violation of an effluent standard or limitation); 33 U.S.C. § 1365(f) (defining "effluent limitation" broadly to include "a permit or condition thereof issued under [Section 402] of this title," and "any unlawful act under subsection (a) of [Section 301] of this title").

24.     An action for injunctive relief under the Act is authorized by 33 U.S.C. § 1365(a). Violators of the Act are also subject to an assessment of civil penalties of up to $59,973 per day per violation for all violations occurring after November 2, 2015, pursuant to Sections 309(d) and 505 of the Act.  33 U.S.C. §§ 1319(d), 1365; 40 C.F.R. §§ 19.1–19.4.

**B.     California Industrial Storm Water General Permit**

25.     Pursuant to Section 402 of the Act, 33 U.S.C. § 1342, the Administrator of EPA has authorized the State Board to issue NPDES permits in California, including general permits.

26.     On November 16, 1990, the EPA promulgated Phase I storm water regulation in compliance with section 402(p) of the Act.  55 Fed. Reg. 47990, codified at 40 C.F.R. § 122.26. These regulations require operators of facilities subject to storm water permitting that discharge storm water associated with industrial activity to obtain an NPDES permit.  *Id*.

27.     The State Board elected to issue a statewide general permit for industrial discharges.  The State Board issued the General Permit on or about November 19, 1991, modified the General Permit on or about September 17, 1992, and reissued the General Permit on April 17, 1997 and again on April 1, 2014 (effective July 1, 2015), pursuant to Section 402(p)

of the Clean Water Act, 33 U.S.C. § 1342(p).

28.     To discharge storm water associated with industrial activities lawfully in California, industrial dischargers must obtain General Permit coverage and comply with the terms of the General Permit, or obtain and comply with an individual NPDES permit.  33 U.S.C. §§ 1311(a), 1342(p)

29.     The industrial activities covered under the General Permit are described in Attachment A to the General Permit.

30.     Facilities discharging, or having the potential to discharge, storm water associated with industrial activity that have not obtained an individual NPDES permit must apply for coverage under the State's General Permit by filing a Notice of Intent ("NOI").  The General Permit requires new dischargers to register for NOI coverage at least seven days prior to the commencement of industrial operations.  General Permit, Section II.B.5.  Dischargers with active NOI coverage under Order No. 97-03-DWQ were required to register for NOI coverage under Order No. 2014-0057-DWQ by July 1, 2015.  General Permit, Section II.B.4.b.

31.     Dischargers registering for NOI coverage under the General Permit must certify and submit Permit Registration Documents ("PRD") via the Storm Water Multiple Application and Report Tracking System ("SMARTS") website.  General Permit, Section II.B.

32.     PRDs consist of a completed NOI and signed certification statement, a copy of a current site map from the Storm Water Pollution Prevention Plan ("SWPPP"), and a SWPPP. General Permit, Section II.B.1.b.

33.     Dischargers registering for NOI coverage under the General Permit must also pay the appropriate annual fee in accordance with 23 C.C.R. § 2200 *et seq*.  General Permit, Section II.B.1.c.

34.     When PRDs are certified and submitted and the annual fee is received, the State Water Board will assign the discharger a Waste Discharger Identification ("WDID") number.

35.     Once regulated by a NPDES permit, facilities must strictly comply with all of the terms and conditions of that permit.  A violation of the General Permit is a violation of the Act. *See* General Permit, Section XXI.A.

## V.  STATEMENT OF FACTS

### a.  The Facility.

36.  Defendant owns and operates the Facility, a yard and garden supply company located in Sonoma County, California.

37.  Defendant has operated the Facility for approximately 30 years.

38.  Defendant's primary industrial activities at the Facility include mixing potting soil and compost.

39.  Defendant sources and mixes materials to create soil amendments.  These materials include soil, wood, and compost.

40.  Defendant conducts industrial activities and store industrial materials outside in areas exposed to storm water.  For example, Defendant stockpiles materials before they are mixed into resaleable products, and stockpiles the final materials for sale.

41.  Defendant operates heavy equipment, including trucks and a conveyor belt, associated with the production and management of its industrial materials.

42.  The industrial activities at the Facility fall under Standard Industrial Classification ("SIC") Code 2875 ("Fertilizers, Mixing Only").

43.  The Facility collects and discharges storm water associated with industrial activity from the Facility into the Russian River, which discharges to the Pacific Ocean.

44.  The Russian River and the Pacific Ocean are waters of the United States within the meaning of the Clean Water Act.  40 C.F.R. § 120.2(3).

### b.  The Regional Board's Efforts to Bring Defendant's into Compliance.

45.  Defendant registered the Facility for General Permit compliance under Order No. 97-03-DWQ.

46.  On or about October 30, 2015, and again on or about December 11, 2015, the Regional Board informed Defendant by letter that Defendant was required to renew its General Permit coverage for the Facility under the 2015 General Permit.

47.  Defendant submitted a NOI application (No. 474937) to obtain coverage under the General Permit for the Facility on or about July 6, 2016.

48.     The Regional Board returned the application, stating that it was incomplete and included instructions for how to complete it.

49.     On or about September 17, 2020, the North Coast Regional Water Quality Control Board ("Regional Board") issued Defendant a "Notice of Non-Compliance with the General Permit for Storm Water Discharges Associated with Industrial Activities, Order Number 2014-0057-DWQ, NPDES Permit Number CAS000001" ("1st NNC"), a true and correct copy of which is included as Attachment A to **Exhibit A**.

50.     The 1st NNC explained that the Act prohibits certain discharges of storm water containing pollutants except where such discharges occur in compliance with a NPDES permit.

51.     The 1st NNC letter informed Defendant that its Facility requires permit coverage under the California Industrial General Permit, Order No. 2014-0057-DWQ, NPDES Permit No. CAS000001.

52.     On or about September 24, 2020, Paul DenBeste responded to the Regional Board with a letter, a true and correct copy of which is included as Attachment B to **Exhibit A**, stating that pursuant to court order in case number 4:16-cv-03914-KAW, filed in the Northern District of California, "all purported claims in your attached September 17, 2020 letter against Den Beste Yard and Garden Inc., and or against Paul Den Beste, and or against Melody Den Beste, are the court ordered responsibility of, and therefore must be directed to, Patrick Bulmer, California Receivership Services, P.O. Box 5128, Oroville, CA 95966."

53.     However, no such order exists, and case number 4:16-cv-03914-KAW was dismissed without prejudice, and the Facility remained out of compliance with the Act because the Facility was not covered any NPDES permit.

54.     The Regional Board subsequently informed Defendant, by email to Paul DenBeste dated October 1, 2020, a true and correct copy of which is included as Attachment C to **Exhibit A**, that the Secretary of State indicates that Paul and Melody DenBeste are the responsible corporate owners and/or officers of the Facility.

55.     On or about October 28, 2020, the Regional Board issued a second notice of non-compliance ("2nd NNC"), a true and correct copy of which is included as Attachment D to

**Exhibit A**.

56.    The 2nd NNC reiterates Defendant's obligation to obtain permit coverage under the General Permit, and provides Defendant with notice of its noncompliance with the Act.

      **c.   Defendant's Failure to Register for NOI General Permit Coverage.**

65.    Defendant's NOI coverage under the General Permit (Order No. 97-03-DWQ) was administratively terminated on or about February 25, 2016.

66.    Defendant has been operating its Facility without any General Permit coverage continuously since February 25, 2016.

67.    During significant rain events Defendant continues to discharge storm water associated with industrial activities from the Facility.

68.    Defendant has not certified and submitted to SMARTS a completed NOI and signed certification statement.

69.    Defendant has not certified and submitted to SMARTS a copy of a current site map from the SWPPP.

70.    Defendant has not certified and submitted to SMARTS a SWPPP.

71.    Defendant has not paid the appropriate annual fee in accordance to General Permit Section II.B.2.c and 23 C.C.R. § 2200 *et seq*.

72.    The State Water Board has not assigned Defendant a WDID for the Facility.

**VI.    CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**Discharge of Pollutants from the Facility in Violation of the Act**
**(Violations of 33 U.S.C. §§ 1311(a), 1342)**

115.    Plaintiff incorporates the allegations contained in the above paragraphs as though fully set forth herein.

116.    Plaintiff is informed and believes, and thereupon alleges, that on numerous occasions between at least March 28, 2017 and the date of the filing of this Complaint, Defendant violated section 301(a) of the CWA, 33 U.S.C. § 1311(a), by discharging storm water associated

with industrial activities generated at its Facility into the Russian River without a NPDES permit issued pursuant to 33 U.S.C. § 1342.

117.    Each and every day Defendant discharges, and continues to discharge, pollutants to waters of the United States from the Facility without a NPDES permit issued pursuant to 33 U.S.C. § 1342 is a separate and distinct violation of Section 301(a) of the Act.  33 U.S.C. § 1311(a).

118.    Defendant is subject to civil penalties for each and every violation of the Act since March 28, 2017.  *See* 33 U.S.C. §§ 1319(d), 1365; 40 C.F.R. § 19.4.

119.    Theses violations are ongoing and continuous so long as Defendant operates its Facility without a permit as required by 33 U.S.C. §§ 1311, 1342.

120.    Continuing commission of the acts and omissions alleged herein irreparable harms the waters of the United States, Plaintiff, and its members, for which harm Plaintiff has no plain speedy or adequate remedy at law.

## VII.    RELIEF REQUESTED

Wherefore, CSPA respectfully requests that this Court grant the following relief:

a.    Declare Defendant to have violated and to be in violation of CWA section 301(a), 33 U.S.C. § 1311(a), for discharging pollutants from the Facility not in compliance with a permit issued pursuant to CWA Section 402, 33 U.S.C. § 1342;

b.    Enjoin Defendant from discharging pollutants from the Facility and to the surface waters surrounding and downstream from the Facility in violation of the General Permit and the Clean Water Act;

c.    Enjoin Defendant from further violating the substantive and procedural requirements of the General Permit and the Clean Water Act;

d.    Order Defendant to pay civil penalties of $59,973 per day per violation for all violations occurring after November 2, 2015, pursuant to Sections 309(d) and 505(a) of the Clean Water Act, 33 U.S.C. §§ 1319(d), 1365(a), and 40 C.F.R. §§ 19.1–19.4;

e.    Order Defendant to take appropriate actions to restore the quality of navigable waters impaired by its activities;

f.    Award Plaintiff's costs and fees (including reasonable attorney, witness, and

consultant fees) as authorized by the Act, 33 U.S.C. § 1365(d); and,

g.      Award any such other and further relief as this Court may deem appropriate.

Dated: March 28, 2022                    Respectfully Submitted,

                                         LAW OFFICES OF ANDREW L. PACKARD

                                         By: /s/ William N. Carlon

                                         William N. Carlon
                                         Attorney for Plaintiff
                                         CALIFORNIA SPORTFISHING
                                         PROTECTION ALLIANCE

# EXHIBIT A

Law Offices Of

ANDREW L. PACKARD

245 Kentucky Street, Suite B3, Petaluma, CA 94952
Phone (707) 782-4060   Fax (707) 782-4062
Info@PackardLawOffices.com

January 26, 2022

**VIA CERTIFIED MAIL**

Paul DenBeste                          Melody DenBeste
DenBeste Yard & Garden, Inc.           DenBeste Yard & Garden, Inc.
30357 River Road                       26916 Asti Road
Cloverdale, CA 95425                   Cloverdale, CA 95425

Patrick Bulmer                         Paul DenBeste
California Receivership Services        DenBeste Yard & Garden, Inc.
P.O. Box 5128                          P.O. Box 186
Oroville, CA 95966                     Cloverdale, CA 95425

**Re:   NOTICE OF VIOLATIONS AND INTENT TO FILE SUIT UNDER THE
        FEDERAL WATER POLLUTION CONTROL ACT ("CLEAN WATER ACT")
        (33 U.S.C. §§ 1251 et seq.)**

Dear Paul and Melody DenBeste, and Patrick Bulmer:

California Sportfishing Protection ("CSPA") provides this notice of violations of the
Clean Water Act ("the Act") occurring at DenBeste's Cloverdale facility located at 26916 and
26912 Asti Road, in Cloverdale, California (the "Facility").  This letter is being sent to you as the
responsible owners, officers and/or operators of the Facility.  Unless otherwise noted, DenBeste
Yard & Garden, Inc., Paul DenBeste, Melody DenBeste, and Patrick Bulmer shall hereinafter be
collectively referred to as "DenBeste."  CSPA is a non-profit association dedicated to the
preservation, protection and defense of the environment, wildlife and natural resources of
California waters, including the waters into which DenBeste discharges polluted storm water.

Pursuant to Section 309(d) of the Act (33 U.S.C. § 1319(d)) and the Adjustment of Civil
Monetary Penalties for Inflation (40 C.F.R. § 19.4) each separate violation of the Act subjects
DenBeste to a penalty of up to $59,973 per day per violation for all violations occurring between
January 26, 2017 and the present.  In addition to civil penalties, CSPA will seek injunctive relief
preventing further violations of the Act pursuant to Sections 505(a) and (d) (33 U.S.C. §1365(a)
and (d)) and such other relief as permitted by law.  Lastly, Section 505(d) of the Act (33 U.S.C. §
1365(d)) permits prevailing parties to recover costs and fees, including attorneys' fees.

The Clean Water Act requires that sixty (60) days prior to the initiation of a citizen-
enforcement action under Section 505(a) of the Act (33 U.S.C. § 1365(a)), a citizen enforcer
must give notice of its intent to file suit.  Notice must be given to the alleged violator, the U.S.
Environmental Protection Agency, and the Chief Administrative Officer of the water pollution
control agency for the State in which the violations occur. See 40 C.F.R. § 135.2.  As required by
the Act, this letter provides statutory notice of the violations that have occurred, and continue to

Notice of Violation and Intent To File Suit
January 26, 2022
Page 2

occur, at the Facility.  40 C.F.R. § 135.3(a).  At the expiration of sixty (60) days from the date of this letter, CSPA intends to file suit under Section 505(a) of the Act in federal court against DenBeste for violations of the Clean Water Act and the Permit.

## I.      Background.

### A.      The Clean Water Act.

Congress enacted the CWA in 1972 in order to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251.  The Act prohibits the discharge of pollutants into United States waters except as authorized by the statute. 33 U.S.C. § 1311; *San Francisco BayKeeper, Inc. v. Tosco Corp*., 309 F.3d 1153, 1156 (9th Cir. 2002).  The Act is administered largely through the NPDES permit program.  33 U.S.C. § 1342. In 1987, the Act was amended to establish a framework for regulating storm water discharges through the NPDES system.  Water Quality Act of 1987, Pub. L. 100-4, § 405, 101 Stat. 7, 69 (1987) (codified at 33 U.S.C. § 1342(p)); *see also Envtl. Def. Ctr., Inc. v. EPA*, 344 F.3d 832, 840-41 (9th Cir. 2003) (describing the problem of storm water runoff and summarizing the Clean Water Act's permitting scheme).  The discharge of pollutants without an NPDES permit, or in violation of a permit, is illegal. *Ecological Rights Found. v. Pacific Lumber Co*., 230 F.3d 1141, 1145 (9th Cir. 2000).

Much of the responsibility for administering the NPDES permitting system has been delegated to the states.  *See* 33 U.S.C. § 1342(b); *see also* Cal. Water Code § 13370 (expressing California's intent to implement its own NPDES permit program).  The CWA authorizes states with approved NPDES permit programs to regulate industrial storm water discharges through individual permits issued to dischargers and/or through the issuance of a single, statewide general permit applicable to all industrial storm water dischargers.  33 U.S.C. § 1342(b). Pursuant to Section 402 of the Act, the Administrator of EPA has authorized California's State Board to issue individual and general NPDES permits in California. 33 U.S.C. § 1342.

### B.      California's General Permit for Storm Water Discharges Associated with Industrial Activities

On July 1, 2015, pursuant to Order No. 2015-0057-DWQ the General Permit was reissued, including many of the same fundamental terms as the prior permit.  Facilities discharging, or having the potential to discharge, storm water associated with industrial activities that have not obtained an individual NPDES permit must apply for coverage under the General Permit by filing a Notice of Intent to Comply ("NOI").  General Permit, Standard Condition XXI.A.  Facilities must file their NOIs before the initiation of industrial operations.  *Id.* Facilities must strictly comply with all of the terms and conditions of the General Permit.  A violation of the General Permit is a violation of the CWA.

### C.      DenBeste's Cloverdale Facility

Notice of Violation and Intent To File Suit
January 26, 2022
Page 3

DenBeste is a yard and garden supply company that operates a yard in Sonoma County where it conducts various industrial activities, including fertilizer mixing. The industrial activities at the Facility fall under Standard Industrial Classification ("SIC") Code 2875 (Fertilizers, Mixing Only).

DenBeste collects and discharges storm water associated with industrial activities at the Facility into the Russian River, which ultimately flows into the Pacific Ocean. The Russian River and the Pacific Ocean are waters of the United States within the meaning of the Clean Water Act.

On September 17, 2020, the North Coast Regional Water Quality Control Board ("Regional Board") issued DenBeste a "Notice of Non-Compliance with the General Permit for Storm Water Discharges Associated with Industrial Activities, Order Number 2014-0057-DWQ, NPDES Permit Number CAS000001" ("1st NNC"), a copy of which is attached to this letter as **Attachment A**. The 1st NNC explained that the Federal Clean Water Act prohibits certain discharges of storm water containing pollutants except where such discharges occur in compliance with a National Pollutant Discharge Elimination System ("NPDES") permit. The 1st NNC letter informed DenBeste that its Facility requires permit coverage under the California Industrial General Permit, Order No. 2014-0057-DWQ, NPDES Permit No. CAS000001 ("General Permit"). DenBeste was provided notice on October 30, 2015 and December 11, 2015 that it was required to enroll for General Permit coverage. In response, DenBeste submitted a Notice of Intent application (No. 474937) on July 6, 2016; however, the application was incomplete and the Regional Board returned the application with instructions as to how to complete it. As of September 17, 2020, no new application had been submitted.

On September 24, 2020, Paul DenBeste responded to the Regional Board with a letter (attached to this letter as **Attachment B**) stating that pursuant to court order in case number 4:16-cv-03914-KAW, filed in the Northern District of California, "all purported claims in your attached September 17, 2020 letter against Den Beste Yard and Garden Inc., and or against Paul Den Beste, and or against Melody Den Beste, are the court ordered responsibility of, and therefore must be directed to, Patrick Bulmer, California Receivership Services, P.O. Box 5128, Oroville, CA 95966." However, the court in the referenced case never made any order to that effect. The case was apparently dismissed without prejudice and DenBeste remained out of compliance with the Act insofar as the Facility remained unpermitted.

The Regional Board subsequently informed DenBeste, by email dated October 1, 2020 – attached to this letter as **Attachment C**, that the Secretary of State indicates that Paul and Melody DenBeste are the responsible corporate owners and/or officers of the Facility. To the extent that Mr. Bulmer has operational control over the Facility, he is also a responsible corporate officer and is likewise liable for violations of the General Permit and Act.

On October 28, 2020, the Regional Board issued a second notice of non-compliance ("2nd NNC"), a copy of which is attached to this letter as **Attachment D**. The 2nd NNC reiterates DenBeste's obligation to obtain permit coverage under the General Permit, and provides DenBeste with notice of their noncompliance with the Clean Water Act. The 2nd NNC

Notice of Violation and Intent To File Suit
January 26, 2022
Page 4

included Mr. Bulmer as a recipient, in response to Mr. DenBeste's September 24th letter. However, as stated above, each of the recipients of the 2nd NNC is a responsible officer or owner of the Facility and is therefore responsible for its compliance with the Clean Water Act.

## II.      DenBeste's Violations of the Act and Permit.

Based on its review of available public documents, CSPA is informed and believes that DenBeste is in ongoing violation of the CWA and the General Permit.  These violations are ongoing and continuous.  Consistent with the statute of limitations applicable to citizen enforcement actions brought pursuant to the federal Clean Water Act, DenBeste is subject to penalties for violations of the Act since January 26, 2017.

### A.      DenBeste Discharges Storm Water Associated with Industrial Activity Without a NPDES Permit.

DenBeste owns and/or operates an industrial facility conducting fertilizer mixing activities.  Facilities that conduct fertilizer mixing activities are required to obtain General Permit coverage.  40 C.F.R. §§ 122.26(a)(1), 122.26(a)(9)(i); General Permit, Section I.A.9 and Attachment A.   DenBeste is therefore required to obtain General Permit coverage for the Facility.  The Stormwater Multiple Application & Report Track System ("SMARTS") website indicates that DenBeste was covered under the 1997 General Permit, but failed to comply with the requirements to obtain coverage under the 2015 General Permit.  Section II.B.4.a of the General Permit states that "[e]xisting Dischargers with coverage under the previous permit shall continue coverage under the previous permit until July 1, 2015."  Based on the information available to CSPA on the SMARTS website, DenBeste's General Permit coverage was administratively terminated on or about February 25, 2016, and DenBeste has been operating its Facility without a General Permit since that date.  Each and every day DenBeste operates its Facility without General Permit coverage is a separate and distinct violation of the Clean Water Act.

## III.     Persons Responsible for the Violations.

CSPA puts DenBeste on notice that they are the persons and entities responsible for the violations described above.  If additional persons are subsequently identified as also being responsible for the violations set forth above, CSPA puts DenBeste on formal notice that it intends to include those persons in this action.

## IV.     Name and Address of Noticing Parties.

The name, address and telephone number of each of the noticing parties is as follows:

William Jennings, Executive Director
California Sportfishing Protection Alliance
3536 Rainer Avenue
Stockton, CA 95204

Notice of Violation and Intent To File Suit
January 26, 2022
Page 5

(209) 464-5067

**V.     Counsel.**

CATs has retained legal counsel to represent it in this matter.  Please direct all communications to:

Andrew L. Packard
William N. Carlon
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
(707) 782-4060
andrew@packardlawoffices.com
wncarlon@packardlawoffices.com

**VI.    Conclusion**

CSPA believes this Notice of Violations and Intent to File Suit sufficiently states grounds for filing suit.  We intend to file a citizen suit under Section 505(a) of the CWA against DenBeste and their agents for the above-referenced violations upon the expiration of the 60-day notice period.  If you wish to pursue remedies in the absence of litigation, we suggest that you initiate those discussions within the next 20 days so that they may be completed before the end of the 60-day notice period.  We do not intend to delay the filing of a complaint in federal court if discussions are continuing when that period ends.

Sincerely,

William Carlon
Law Offices of Andrew L. Packard
Counsel for California Sportfishing Protection Alliance

Notice of Violation and Intent To File Suit
January 26, 2022
Page 6

## **SERVICE LIST**

### **VIA CERTIFIED MAIL**

Michael Regan, Administrator
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

Martha Guzman, Regional Administrator
U.S. Environmental Protection Agency, Region IX
75 Hawthorne Street
San Francisco, CA 94105

Merrick B. Garland, U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001

Eileen Sobeck, Executive Director
State Water Resources Control Board
P.O. Box 100
Sacramento, CA 95812

Matthias St. John, Executive Officer
North Coast Regional Water Quality Control Board
5550 Skylane Boulevard Suite A
Santa Rosa, CA 95403

# ATTACHMENT A





GAVIN NEWSOM
GOVERNOR

JARED BLUMENFELD
SECRETARY FOR
ENVIRONMENTAL PROTECTION

**North Coast Regional Water Quality Control Board**

September 17, 2020

Paul DenBeste                           Certified Mail   7016 2710 0000 2653 2749
DenBeste Yard & Garden
26912 & 26916 Asti Road
Cloverdale, CA 95425

Dear Mr. DenBeste:

Subject: **NOTICE OF NON-COMPLIANCE WITH THE GENERAL PERMIT FOR STORM WATER DISCHARGES ASSOCIATED WITH INDUSTRIAL ACTIVITIES, ORDER NUMBER 2014-0057-DWQ, NPDES PERMIT NUMBER CAS000001**

The Federal Clean Water Act (Clean Water Act) prohibits certain discharges of storm water containing pollutants except where such discharges occur in compliance with a National Pollutant Discharge Elimination System (NPDES) permit. In the state of California, Order No. 2014-0057-DWQ, NPDES Permit No. CAS000001 (Industrial General Permit, or IGP), implements parts of the Clean Water Act by authorizing discharges associated with industrial activity subject to certain conditions and limitations. The Industrial General Permit is available at the web site address provided below:

http://www.waterboards.ca.gov/water_issues/programs/stormwater/industrial.shtml

It has come to our attention that the DenBeste Yard & Garden facility located at 26916 Asti Road in the City of Cloverdale engages in fertilizer mixing, an activity requiring IGP coverage.

According to SMARTS, on October 30, 2015, and December 11, 2015, staff notified you of the need to enroll for the new IGP coverage. In response, the discharger submitted a new Notice of Intent (NOI) application No. 474937 in July 6, 2016. Since the NOI application was incomplete and the uploaded SWPPP did not meet the requirements, the application was returned on July 12, 2016. On the returned application Regional Water Board requested the discharger to resubmit the NOI application and upload a SWPPP that meets the Permit requirements. To date, no application has been submitted from the discharger.



On January 24, 2020, North Coast Regional Water Board staff (Staff) attempted to inspect your facility but discovered it was closed. From outside the chain-link gate on the south side of the facility, Staff observed evidence of fertilizer mixing, including trucks, a conveyor belt, and stockpiles of compost, aggregate, and rock throughout the facility.

Establishments engaged in mixing fertilizers fall under Occupational Safety and Health Administration (OSHA) Standard Industrial Classification (SIC) Code 2875, a category identified in Attachment A of the IGP as requiring IGP coverage. According to available information in the Water Board's electronic database, the Storm Water Multiple Application & Tracking System (SMARTS), your facility was enrolled for coverage under the IGP prior to 2015, but coverage was not renewed under the newest version of the IGP, adopted in 2014. Accordingly, DenBeste Yard & Garden is in violation of the General Permit.

This letter is to notify you that the subject facility requires coverage under the IGP. The IGP provides for two types of coverage that are differentiated by whether a facility has exposure of certain industrial materials, products, wastes, or processes to storm water.

The two types of coverage are as follows:

1. <u>Notice of Intent (NOI coverage)</u>: This coverage is for dischargers that discharge storm water associated with industrial activity to waters of the United States. All applicable requirements of the General Permit must be met. To obtain NOI coverage, the following documents must be submitted:

      a. A completed NOI and signed certification statement (Section II.B.1)

      b. A copy of a current Site Map from the Storm Water Pollution Prevention Plan (SWPPP) (Section X.E);

      c. A SWPPP (Section X); and

      d. An application fee of $1,400 (thereafter as an annual permit fee).

2. <u>No Exposure Certification (NEC Coverage)</u>: Dischargers that certify their facility has no exposure of industrial activities or materials to storm water in accordance with Section XVII of the General Permit may qualify for NEC coverage and are not required to comply with the SWPPP or monitoring requirements of this General Permit. To obtain NEC coverage, the following documents must be submitted:

      a. A completed NEC Form (Section XVII.F.1) and signed certification statement (Section XVII.H);

      b. A completed NEC Checklist (Section XVII.F.2);

      c. A current Site Map consistent with requirements in Section X.E.; and

      d. A payment of an annual fee of $150 (thereafter as an annual permit fee).

You must file a completed, signed/certified NOI or NEC to obtain coverage for your facility. To apply for either type of permit coverage, all documents must be submitted via the online database, SMARTS (webpage at https://smarts.waterboards.ca.gov). If you need assistance with SMARTS or completing the NOI, please contact the SMARTS

DenBeste Yard & Garden                  - 3 -                  September 17, 2020

Help Desk at (866) 563-3107.Based on this facility's past IGP enrollment and recent observations made by staff, it appears that NOI coverage is the appropriate type of coverage in this case. If you believe that the IGP is not applicable to your facility, you are still required to submit a Notice of Non-Applicability (NONA) by following the instructions in section XX of the IGP.

Please note, failure to obtain coverage under the Industrial General Permit by submitting an appropriate NOI or NEC is a violation of the Clean Water Act and the California Water Code. Pursuant to section 13399.30 of the Water Code, you must obtain IGP coverage within 60 days from the date of this Notice, by November 17, 2020 to avoid penalties. Failure to obtain coverage by this date may subject you to an enforcement action by the Regional Water Board and administrative civil liability of $5,000 per year of noncompliance, per section 13399.33 of the Water Code. Failure to submit a Notice of Non-Applicability subjects you to administrative civil liability penalties of $1,000.

Please notify Heaven Moore at Heaven.Moore@waterboards.ca.gov when the State Water Resources Control Board has issued a Waste Discharge Identification (WDID) number to you, which will be electronically provided once all necessary steps have been completed through SMARTS.

Compliance with this requirement to file for enrollment in the IGP does not preclude enforcement for other violations of the Water Code and/or the Clean Water Act.

Should you have any questions regarding this matter, please contact Farzad Kasmaei of my staff at Farzad.Kasmaei@waterboards.ca.gov.

Sincerely,




Claudia E. Villacorta, P.E.
Assistant Executive Officer

200917_FK_dp_Cloverdale_DenBeste_NNC

cc:  Charles Reed, North Coast RWQCB, Charles.Reed@waterboards.ca.gov
     Heaven Moore, North Coast RWQCB, Heaven.Moore@waterboards.ca.gov
     Diana Henrioulle, North Coast RWQCB, Diana.Henrioulle@waterboards.ca.gov
     Farzad Kasmaei, North Coast RWQCB, Farzad.Kasmaei@waterboards.ca.gov

# ATTACHMENT B

Paul Den Beste
P. O. Box 186
Cloverdale, CA 95425
Phone: (707) 975 5901
E Mail: pauldenbeste@hotmail.com

September 24, 2020

North Coast Regional Water
Quality Control Board
Valerie Quinto, Chair
Mathias St. John, Executive Officer
Claudia E. Villacorta, P. E.
Assistant Executive Officer
Charles Reed, North Coast RWQCB,
Charles.Reed@waterboards.ca.gov,
Heaven Moore, North Coast RWQCB
Heaven.Moore@waterboards.ca.gov,
Diana Henrioulle, North Coast RWQCB,
Diana.Henrioulle@waterboards.ca.gov,
Farzad Kasmaei, North Coast RWQCB
Farzad.Kasmaei@waterboards.ca.gov,
5550 Skylane Boulevard, Suite A
Santa Rosa, CA 95403

Re:  Your attached September 17, 2020 letter.

To all:

    Pursuant to United States District Court, Northern District of California, Oakland
Division, Case 4:16-cv-03914KAW, resolved on October 23, 2017, all purported claims in your
attached September 17, 2020 letter against Den Beste Yard and Garden, Inc., and or against Paul
Den Beste, and or against Melody Den Beste, are the court ordered responsibility of, and
therefore must be directed to, Patrick Bulmer, California Receivership Services, P. O. Box 5128,
Oroville, CA 95966.

/s/_____
Paul Den Beste

# ATTACHMENT C

| | |
|---|---|
| **From:** | Kasmaei, Farzad@Waterboards |
| **To:** | "pauldenbeste@hotmail.com" |
| **Subject:** | DenBeste Yard & Garden (non-filer) facility |
| **Date:** | Thursday, October 1, 2020 8:52:00 AM |
| **Attachments:** | September 24, 2020 letter.pdf |

Dear Paul Den Beste,

Thanks for responding to our letter regarding the Facility located at 26912 & 26916 Asti Road in the City of Cloverdale.

Per our phone conversation, based on the Secretory of State database you and Ms. Melody Den Beste are listed as the responsible persons (owners) for this Facility.

Please provide me with more information about the facility's ownership and the operator who currently runs the facility.

Farzad Kasmaei
Water Quality Control Engineer
North Coast Regional Water Quality Control Board
5550 Skylane Blvd., Suite A
Santa Rosa, CA 95403

# ATTACHMENT D





GAVIN NEWSOM
GOVERNOR

JARED BLUMENFELD
SECRETARY FOR
ENVIRONMENTAL PROTECTION

**North Coast Regional Water Quality Control Board**

October 28, 2020

Paul DenBeste                                    Certified Mail   7016 2710 0000 2653 2879
DenBeste Yard & Garden
26912 & 26916 Asti Road
Cloverdale, CA 95425

Patrick Bulmer                                   Certified Mail   7016 2710 0000 2653 2886
California Receivership Services
P.O Box 5128
Oroville, CA 95966

Dear Mr. DenBeste and Mr. Bulmer:

Subject:     **SECOND NOTICE OF NON-COMPLIANCE WITH THE GENERAL PERMIT
             FOR STORM WATER DISCHARGES ASSOCIATED WITH INDUSTRIAL
             ACTIVITIES, ORDER NUMBER 2014-0057-DWQ
             NPDES PERMIT NUMBER CAS000001**

The Federal Clean Water Act (Clean Water Act) prohibits certain discharges of storm water containing pollutants except where such discharges occur in compliance with a National Pollutant Discharge Elimination System (NPDES) permit. In the state of California, Order No. 2014-0057-DWQ, NPDES Permit No. CAS000001 (Industrial General Permit, or IGP), implements parts of the Clean Water Act by authorizing discharges associated with industrial activity subject to certain conditions and limitations. The Industrial General Permit is available at the web site address provided below:

http://www.waterboards.ca.gov/water_issues/programs/stormwater/industrial.shtml

It has come to our attention that the DenBeste Yard & Garden facility located at 26916 Asti Road in the City of Cloverdale engages in fertilizer mixing, an activity requiring IGP coverage. Establishments engaged in mixing fertilizers fall under Standard Industrial

DenBeste Yard & Garden                    - 2 -                    October 28, 2020

Classification (SIC) Code 2875, a category identified in Attachment A of the IGP as requiring IGP coverage. According to available information in the Water Board's electronic database, the Storm Water Multiple Application & Tracking System (SMARTS), your facility was enrolled for coverage under the IGP before 2015, but you did not review permit coverage under the newest version of the IGP, adopted in 2014. Accordingly, DenBeste Yard & Garden is in violation of the General Permit.

As recorded in SMARTS, on October 30, 2015, and December 11, 2015, Regional Water Board staff notified DenBeste of the need to enroll for IGP coverage. In response, the discharger submitted a new Notice of Intent (NOI) application No. 474937 on July 6, 2016. The NOI application was incomplete and the uploaded Storm Water Pollution Prevention Plan (SWPPP) did not meet the requirements; accordingly, Regional Water Board staff returned the application on July 12, 2016.

On the returned application Regional Water Board staff requested the discharger to resubmit the NOI application and upload a SWPPP that meets the Permit requirements. To date, no application has been submitted from the discharger.

The first Notice of Non-Compliance (NNC) was issued on September 17, 2020. In response, you submitted the enclosed letter to Regional Water Board via email on September 24, 2020, stating that all purported claims in the Regional Water Board's first NNC must be directed to Patrick Bulmer. The Regional Water Board staff emailed Mr. Paul DenBeste on October 1 & 2, 2020, requesting more information about the facility's status and ownership and Mr. Patrick Bulmer's role with the facility.

As of the date of this notice, we have received no response from you, and you have not obtained IGP coverage for this facility.  Failure to enroll your facility in the IGP is a violation of the California Water Code (Water Code) and the Federal Clean Water Act. **You must submit your enrollment documents by November 17, 2020, to avoid penalties or other enforcement actions.**

Please notify Heaven Moore at Heaven.Moore@waterboards.ca.gov when the State Water Resources Control Board has issued a Waste Discharge Identification (WDID) number to you, which will be electronically provided once all necessary steps have been completed through SMARTS.

Compliance with this requirement to file for enrollment in the IGP does not preclude enforcement for other violations of the Water Code and/or the Clean Water Act.

DenBeste Yard & Garden                 - 3 -                    October 28, 2020

Should you have any questions regarding this matter, please contact Farzad Kasmaei of my staff at Farzad.Kasmaei@waterboards.ca.gov.

Sincerely,

Claudia E. Villacorta, P.E.
Assistant Executive Officer

201028_FK_dp_Cloverdale_DenBeste_NNC2

cc:   Charles Reed, North Coast RWQCB, Charles.Reed@waterboards.ca.gov

      Heaven Moore, North Coast RWQCB, Heaven.Moore@waterboards.ca.gov

      Diana Henrioulle, North Coast RWQCB, Diana.Henrioulle@waterboards.ca.gov

      Farzad Kasmaei, North Coast RWQCB, Farzad.Kasmaei@waterboards.ca.gov

      Nathan Jacobsen, Nathan.Jacobsen@waterboards.ca.gov