UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>DENBESTE YARD & GARDEN , INC.,<br><br>Defendant. | Case No. 22-cv-01975-DMR<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE TO SUBMISSION OF SUPPLEMENTAL BRIEFING AND EVIDENCE**<br><br>Re: Dkt. No. 19 |

Plaintiff California Sportfishing Protection Alliance filed a motion for default judgment against Defendant DenBeste Yard & Garden, Inc. [Docket No. 19 ("Mot.").] As explained below, and for reasons related to case administration, the motion is denied without prejudice to Plaintiff's ability to submit supplemental briefing and evidence addressing the following issues.

Plaintiff did not sufficiently brief its entitlement to the entry of default judgment pursuant to the factors enumerated in the Ninth Circuit's decision in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Specifically, Plaintiff's analysis of the third and fourth *Eitel* factors—merits of Plaintiff's substantive claims and sufficiency of the complaint—is inadequate. In its motion, Plaintiff asserts that it must allege the following elements to establish a violation of U.S.C. § 1311(a): "(1) that Defendant owns or operates a facility subject to the General Permit; (2) that Defendant's facility discharges, or has the potential to discharge storm water associated with industrial activities; and (3) that the discharge is not authorized by any of the sections identified above." Mot. at 6-7. Plaintiff cites no authority in support of this legal standard.

Courts in this district have articulated the governing standard differently: "[t]o establish a violation of the [Clean Water] Act's [National Pollutant Discharge Elimination System permit] requirements, a plaintiff must prove that (1) a person (2) discharged (3) a pollutant (4) to

1    navigable waters of the United States (5) from a point source (6) without a permit." *San*
2    *Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 754 (N.D. Cal. 2011) (citing
3    *Comm. to Save Mokelumne River v. East Bay Mun. Util. Dist.*, 13 F.3d 305, 308 (9th Cir. 1993));
4    *see also Friends of Outlet Creek v. Grist Creek Aggregates, LLC*, No. 16-CV-00431-JSW, 2019
5    WL 1975434, at *3 (N.D. Cal. Mar. 19, 2019) ("[I]n order to prevail on a CWA claim, a plaintiff
6    must show a defendant discharge[s] (2) a pollutant (3) to navigable waters (4) from a point source
7    without, or in violation of, an NPDES permit." (internal quotation marks and citation omitted));
8    *Headwaters, Inc. v. Talent Irrigation Dist.*, 243 F.3d 526, 532 (9th Cir. 2001) ("To establish a
9    violation of the CWA's NPDES permit requirement, a plaintiff must show that defendants (1)
10   discharged (2) a pollutant (3) to navigable waters (4) from a point source."). Because there is not
11   a complete overlap between the elements set forth by courts in this district and those described by
12   Plaintiff, supplemental briefing must address each factor enumerated in *San Francisco Baykeeper*
13   *v. W. Bay Sanitary Dist.*.

14   To recover damages after securing a default judgment, a plaintiff must prove the relief it
15   seeks through testimony or written affidavit. *Bd. of Trs. of the Boilermaker Vacation Trust v.*
16   *Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005); *see PepsiCo, Inc.*, 238 F. Supp. 2d at
17   1175 (citing *Televideo Sys., Inc.*, 826 F.2d at 917-18). Plaintiff submitted the underlying data
18   points it relies on to calculate the number of times Defendant allegedly violated the Clean Water
19   Act (*see* Request for Judicial Notice ("RJN"), Exs. A-F). But Plaintiff did not provide evidence to
20   support its methodology. For example, Plaintiff has not submitted a sworn declaration by a
21   declarant with appropriate foundational knowledge and experience to provide evidentiary support
22   for projecting violations from 2017 to 2022 based on Defendant's past reports of discharge—
23   which date back to 2014 at the earliest—and historic rain data. *See* Mot. at 7. Plaintiff has not
24   provided evidence to support why the assumptions underlying its methodology are appropriate or
25   why the methodology itself is sound.

26   Plaintiff's motion for default judgment is denied without prejudice. Plaintiff may file and
27   serve supplemental briefing and evidentiary support by **March 23, 2023** and need not refile its
28   motion for default judgment. If Plaintiff does not file timely supplemental submissions, the court

1  will reassign the case to a district judge and will issue a report and recommendation regarding
2  denial of the motion.
3       Immediately upon receipt of this order, Plaintiff shall serve Defendant with a copy of this
4  order and file a proof of service with the court.

6  **IT IS SO ORDERED.**
7  Dated: February 24, 2023

                                                           Donna M. Ryu
                                     United States Magistrate Judge