UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>DENBESTE YARD & GARDEN , INC.,<br><br>Defendant. | Case No. 22-cv-01975-DMR<br><br>**ORDER TO SUBMIT SUPPLEMENTAL BRIEFING IN SUPPORT OF DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 19 |

Plaintiff California Sportfishing Protection Alliance filed a motion for default judgment against Defendant DenBeste Yard & Garden, Inc. [Docket No. 19 ("Mot.").] On February 24, 2023, the court denied Plaintiff's motion without prejudice to Plaintiff's ability to submit supplemental briefing and evidence. [Docket No. 26.] The court instructed Plaintiff to address each factor enumerated in *San Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719 (N.D. Cal. 2011). In *San Francisco Baykeeper*, the court held that "[t]o establish a violation of the [Clean Water] Act's [National Pollutant Discharge Elimination System permit] requirements, a plaintiff must prove that (1) a person (2) discharged (3) a pollutant (4) to navigable waters of the United States (5) from a point source (6) without a permit." 791 F. Supp. 2d at 754.

In supplemental briefing, Plaintiff argues that California's General Industrial Storm Water Permit defines "storm water discharge associated with industrial activity" to mean "[t]he discharge from any conveyance which is used for collecting and conveying storm water and which is directly related to manufacturing, processing, or raw materials storage areas at an industrial plant as identified in Attachment A of this General Permit." [Docket No. 28 ("Supp. Brief.") at 5.] Plaintiff then asserts that the complaint alleges that "[t]he Facility *collects* and discharges storm water associated with industrial activity from the Facility into the Russian River, which discharges

to the Pacific Ocean." *Id.* (quoting Compl. at ¶ 43) (emphasis added in Supp. Brief.)).  It is not clear what inferences Plaintiff is asking the court to draw from these statements.  If Plaintiff is arguing that Defendant's facility is itself a "point source" under the Clean Water Act ("CWA"), it must clearly present this theory and support it with relevant authority.

Plaintiff also contends that the complaint "alleges that Defendant's Facility collects and discharges storm water via conveyances designed to convey storm water that is directly related to industrial activities at the Facility."  Supp. Brief. at 6.  Plaintiff does not cite to a specific allegation in the complaint in support of this statement, nor does the complaint contain such an allegation.  The only reference to a "conveyance" in the complaint is part of Plaintiff's restatement of the law under 33 U.S.C. § 1362(6).  *See* Compl. ¶ 20.  If Plaintiff claims that Defendant's Facility contains "conveyances designed to convey storm water," it must amend the complaint to specifically identify these conveyances.

In sum, Plaintiff has not adequately established a "point source" under the CWA.  **By August 15, 2023,** Plaintiff shall either amend its complaint or submit additional briefing that sufficiently supports a determination at default judgment that Defendant discharged storm water from a "point source" under the CWA.

Immediately upon receipt of this order, Plaintiff shall serve Defendant with a copy of this order and file a proof of service with the court.

**IT IS SO ORDERED.**

Dated: August 1, 2023

_____
Donna M. Ryu
Chief Magistrate Judge