ANDREW L. PACKARD (State Bar No. 168690)
WILLIAM N. CARLON (State Bar No. 305739)
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4062
E-mail: andrew@packardlawoffices.com
         wncarlon@packardlawoffices.com

Attorneys for Plaintiff
CALIFORNIA SPORTFISHING PROTECTION ALLIANCE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DENBESTE YARD & GARDEN, INC.,<br><br>Defendant. | Case No. 4:22-cv-01975-DMR<br><br>**SUPPLEMENTAL BRIEFING RE PLAINTIFF'S MOTION FOR ENTRY OF A DEFAULT JUDGMENT**<br><br>Magistrate Judge Donna M. Ryu<br><br>**Action Filed**: March 28, 2022<br>**Motion Filed**: August 19, 2022 |

**INTRODUCTION**

On February 24, 2023, the Court denied Plaintiff's Motion for Default Judgment ("Motion"), Docket No. 19, without prejudice to Plaintiff's ability to submit supplemental briefing and evidence further addressing the *Eitel* factors. Per the Court's order, Plaintiff submitted supplemental briefing on March 23, 2023. Docket No. 28. On August 1, 2023, the Court ordered Plaintiff to address a missing element of its claim that Defendant violated the Clean Water Act – specifically, that Plaintiff did not specifically identify the conveyances which it alleges constitute a point source under the Clean Water Act. Docket No. 30. The Court ordered Plaintiff to either amend its complaint to include the missing information, or provide additional supplemental briefing that sufficiently supports a determination at default judgment that Defendant discharged storm water from a "point source" under the Clean Water Act. *Id.* at 2:13-16. Plaintiff amended its complaint on August 10, 2023 to include the additional information required by the Court. Docket No. 32 ("Amended Complaint"). Given this additional information, the Court has adequate support to grant Plaintiff's pending motion for default judgment.

**ARGUMENT**

In light of its amended complaint, Plaintiff supplements its prior briefing addressing the "point source" element set forth in *San Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 754 (N.D. Cal. 2011).

    **a.  Defendant Discharges via Point Sources**

A "point source" is defined as "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, [or] conduit . . . from which pollutants are or may be discharged." 33 U.S.C. § 1362(14). "Storm water discharge associated with industrial activity means the discharge from any conveyance that is used for collecting and conveying storm water and that is directly related to manufacturing, processing or raw materials storage areas at an industrial plant." 40 C.F.R. § 122.26(14). The General Permit defines "storm water discharge associated with industrial activity" to mean "[t]he discharge from any conveyance which is used for collecting and conveying storm water and which is directly related to manufacturing, processing, or raw materials storage areas at an industrial plant as identified in Attachment A of this General Permit." General

Permit, Glossary at 1.  "Storm water discharge associated with industrial activity" is a "point source" under the Clean Water Act because it specifically requires the discharge to be made via a "conveyance that is used for collecting and conveying storm water."  *Id.*

The Amended Complaint alleges that "[t]he collects storm water associated with industrial activity at the Facility into a system of storm water conveyances, including drop inlets, culverts, ditches, ponds, and channels."  Docket No. 32 at ¶ 43.  The Amended Complaint goes on to identify specific conveyances, and at least three discharge locations from which Defendant discharges storm water.  *Id.* at ¶¶ 44-47.  Therefore, Plaintiff has established that Defendant discharges from a point source.

## II.     CONCLUSION

Plaintiff has adequately alleged and established all of the necessary facts to properly state a claim for relief under the Clean Water Act.  Taken as true, these allegations provide sufficient facts to support Plaintiff's claim on the merits.  Based on the foregoing, Plaintiff requests that the Court, in consideration with Plaintiff's Motion, Docket No. 19, and Plaintiff's prior supplemental briefing, Docket No. 28, and enter default judgment against Defendant.

Respectfully submitted,

Dated: September 8, 2023          LAW OFFICES OF ANDREW L. PACKARD
                                  By: /s/ William N. Carlon
                                      William N. Carlon
                                      Attorneys for Plaintiff
                                      CALIFORNIA SPORTFISHING
                                      PROTECTION ALLIANCE