ANDREW L. PACKARD (State Bar No. 168690)
WILLIAM N. CARLON (State Bar No. 305739)
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
E-mail: andrew@packardlawoffices.com
wncarlon@packardlawoffices.com

Attorneys for Plaintiff
CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DENBESTE YARD & GARDEN, INC.,<br><br>Defendant. | Case No. 3:22-cv-01975-RFL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**<br><br>Date: January 9, 2024<br>Time: 10:00 a.m.<br>Location: Courtroom 15<br>Hon. Judge Rita F. Lin |

TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................ 5

PROCEDURAL HISTORY ........................................................................................ 5

LEGAL STANDARD FOR LOCAL RULE 72-3 DE NOVO REVIEW ................................ 5

SUMMARY OF OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ........................................................................................ 6

1) The Report and Recommendation Applies the Wrong Legal Test to Determine Whether Plaintiff's Requested Rates Are Reasonable. ........................................ 6

2) The Rates Requested by Plaintiff Are Reasonable ............................................ 9

CONCLUSION ........................................................................................................ 14

TABLE OF AUTHORITIES

**Cases**

*Adtrader, Inc. v. Google LLC*, No. 17-07082-BLF, 2020 U.S. Dist. LEXIS 71654 (N.D. Cal. Mar. 16, 2020) ... 11

*Barjon v. Dalton*, 132 F.3d 496 (9th Cir. 1997) ... 7

Baylor v. Rubenstein & Associates, P.C., 857 F.3d 939, (D.C. Cir. 2017) ... 6

*Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404 (9th Cir. 1991) ... 6

*Blackwell v. Foley*, 724 F. Supp. 2d 1068 (N.D. Cal. 2010) ... 9

*Californians for Alternatives to Toxics v. Kernen Constr.*, No. 20-cv-01348-YGR (N.D. Cal. March 21, 2022) ... 6, 7, 8, 9

*Carlotti v. Asus Comput. Int'l*, No. 18-03369-DMR, 2020 U.S. Dist. LEXIS 108917 (N.D. Cal. June 22, 2020) ... 10, 11

*Carson v. Billings Police Dep't*, 470 F.3d 889 (9th Cir. 2006) ... 7

*Chess v. Volkswagen Grp. of Am., Inc.*, No. 17-07287-HSG, 2022 U.S. Dist. LEXIS 164145 (N.D. Cal. Sep. 12, 2022) ... 10, 13

*Cotton v. City of Eureka*, 889 F. Supp. 2d 1154 (N.D. Cal. 2012) ... 8, 9

*Ctr. for Biological Diversity v. EPA*, No. C 17-00720 WHA, 2017 U.S. Dist. LEXIS 213709 (N.D. Cal. Dec. 4, 2017) ... 7

*Facebook, Inc. v. Sahinturk*, No. 20-08153-JSC, 2022 U.S. Dist. LEXIS 108565 (N.D. Cal. June 17, 2022) ... 10, 13

*Freeman v. DirecTV, Inc.*, 457 F.3d 1001 (9th Cir. 2006) ... 6

*Hamilton Clark Sustainable Capital, Inc. v. Am. Biodiesel, Inc.*, No. 22-05274-WHO, 2023 U.S. Dist. LEXIS 20509 (N.D. Cal. Feb. 7, 2023) ... 13

*In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) ... 10, 12, 13

*Izor v. Abacus Data Sys.*, No. 19-01057-HSG, 2020 U.S. Dist. LEXIS 239999 (N.D. Cal. Dec. 21, 2020) ... 13

*Keown v. Tudor Ins. Co.*, 621 F. Supp. 2d 1025 (D. Haw. 2008) ... 6

*Kuraica v. Dropbox, Inc.*, No. 19-06348-BLF, 2021 U.S. Dist. LEXIS 235394 (N.D. Cal. Dec. 8, 2021) ... 12

*L.H. v. Schwarzenegger*, 645 F. Supp. 2d 888 (E.D. Cal. 2009) ... 9

*Nucci v. Rite Aid Corp.*, No. 19-01434-LB, 2022 U.S. Dist. LEXIS 94936 (N.D. Cal. May 26, 2022) ... 12, 13

*Police Ret. Sys. of St. Louis v. Granite Constr. Inc.*, No. 19-04744-WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022)......... 10, 11, 12, 13

*Prison Legal News v. Schwarzenegger*, 608 F.3d 446 (9th Cir. 2010)................................................ 9

*Schneider v. Chipotle Mexican Grill, Inc.*, 337 F.R.D. 588 (N.D. Cal. 2020)............................. 11, 12

*Vasquez v. Libre By Nexus, Inc.*, No. 17-00755-CW, 2023 U.S. Dist. LEXIS 11334 (N.D. Cal. Jan. 23, 2023)............................... 14

*Vianu v. AT&T Mobility LLC*, No. 19-03602-LB, 2022 U.S. Dist. LEXIS 203520 (N.D. Cal. Nov. 8, 2022)......................... 11, 13

*Vineyard House, LLC v. Constellation Brands United States Operations, Inc.*, No. 19-01424-YGR, 2021 U.S. Dist. LEXIS 141106 (N.D. Cal. July 28, 2021)..................... 11, 14

**Rules**

Civil Local Rule 7-2........................................................................................................................ 6

Civil Local Rule 72-3...................................................................................................................... 6

NOTICE OF MOTION AND MOTION

NOTICE IS HEREBY GIVEN that on January 9, 2024 at 10:00 a.m. or as soon thereafter as the matter may be heard by the above-titled court, Plaintiff California Sportfishing Protection Alliance will and hereby does move the Court for a de novo determination pursuant to 28 U.S.C. § 636, Federal Rule of Civil Procedure 72, and Civil Local Rule 72-3 of the Request for Reassignment; Report and Recommendation Re Motion for Default Judgment.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support of Motion For De Novo Determination of Dispositive Matter Referred to Magistrate Judge; the papers on file in this action; and, such other evidence and/or argument as the parties may present to this Court at the hearing on this motion.

INTRODUCTION

The Request for Reassignment; Report and Recommendation Re Motion for Default Judgment ("Report and Recommendation"), Docket No. 34, reduces the amount of attorney fees sought by twenty percent on the following bases: (1) that in a prior case, Plaintiff's counsel received considerably lower hourly rates for work done in the far northern parts of the Northern District; and, (2) that the declarations provided in support of Plaintiff's requested hourly rates were "vague and conclusory" because they failed to provide specific information about the hourly rates of comparable attorneys. Report and Recommendation at 22:28-23:20.

As set forth in detail below, Plaintiff objects on the grounds that the (1) that the prior case was incorrectly decided, and applying the reasoning from that case here repeats the error made there; and, 2) the declarations can be supported by specific information about the hourly rates of comparable attorneys.

PROCEDURAL HISTORY

The Court sets forth the factual and procedural history of this matter in the Report and Recommendation. Docket No. 34 at 1:24-4:11. This Motion for De Novo Determination of a Dispositive Matter is filed in objection to portions of that Report and Recommendation pursuant to Civil Local Rule 72-3. The specific portion of the Report and Recommendation to which Plaintiff objects is the section addressing the reasonableness of the hourly rates sought by Plaintiff. Report

and Recommendation at 21:25-23:20.

LEGAL STANDARD FOR LOCAL RULE 72-3 DE NOVO REVIEW

Under Federal Rules of Civil Procedure 55 and Civil Local Rule 72-3, a motion for default judgment is considered a dispositive motion. Fed. R. Civ. P. 55; Civil Local Rule 72-3; 28 U.S.C. § 636. Accordingly, in response to a timely and specific objection to any portion of the magistrate judge's recommendations, the district court must make a de novo determination of the matter. Baylor v. Rubenstein & Associates, P.C., 857 F.3d 939, (D.C. Cir. 2017), *Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). In conducting the de novo review "this court reviews 'the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered.'" *Keown v. Tudor Ins. Co.*, 621 F. Supp. 2d 1025, 1029 (D. Haw. 2008) citing *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006).

Any objection must be made as a "Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge." Civil Local Rule 72-3. Such motion must be made pursuant to Civil Local Rule 7-2 and must "specifically identify the portions of the Magistrate Judge's findings, recommendations, or report to which objection is made and the reasons and authority supporting the motion." Civil Local Rule 72-3. Further, "the party may accompany it with a separately filed motion for Administrative Motion to Augment the Record." *Id*.

SUMMARY OF OBJECTIONS TO REPORT AND RECOMMENDATION

**1. The Report and Recommendation Applies the Wrong Legal Test to Determine Whether Plaintiff's Requested Rates Are Reasonable.**

The Report and Recommendation adopts the reasoning in *Californians for Alternatives to Toxics v. Kernen Constr.*, No. 20-cv-01348-YGR (N.D. Cal. March 21, 2022), ECF No. 90,[1] to justify a 20% cut in Plaintiff's requested rates. The Report and Recommendation observes that counsel in this case were awarded rates in *Kernen* that were considerably lower than the rates requested here, "because [counsel] do not work in the San Francisco Bay Area." ECF No. 34 at 23:4-5. The Report and Recommendation compares *Kernen* favorably to the instant action by

[1] The *Kernen* decision referenced herein, Docket Number 90 in case number 20-cv-01348-YGR, does not appear to be published in Lexis

concluding that "[h]ere too, the action as well as the work performed by Plaintiff's lawyers are based entirely in the northern part of the Northern District of California, in Sonoma County." *Id.* at 23:10-11. The Report and Recommendation applies the wrong legal test to determine the reasonableness of Plaintiff's requested rates because it considers the residence of counsel and parties, and the location of the subject of the action, rather than the forum in which the district court sits to determine the relevant community. And in any case, the Report and Recommendation is factually inaccurate insofar as Sonoma County is, unlike Humboldt County, one of the nine Bay Area counties.

Rates are reasonable if they are "in line with the prevailing market rate of the relevant community." *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006). "Generally, the relevant community is the forum in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). In *Kernen*, the court determined that the requested rates "exceed the prevailing market rates in the far northern parts of this District for cases entirely local to that area." *Kernen* at 3:12-14. The court made this determination under the impression that all parties and counsel were based in Humboldt County. *Id.* Notwithstanding the fact that two of the plaintiff's counsel in *Kernen* actually resided outside of Humboldt County, in Sonoma and Napa Counties, the relevant legal test is not where the parties and counsel reside, but rather it is where "the forum in which the district court sits." *Barjon* at 500. *Barjon* defines the forum without reference to where the work is performed, or where the parties reside. *Id*. In *Kernen*, the court incorrectly applied Humboldt County market rates, even though the forum in which the case was brought was in the San Francisco Bay Area. *Kernen* at 3:21-23. The court departed from *Barjon* and focused on where the parties, and their counsel, resided, and where the facts of the case were situated, rather than where the district court's forum was located. *Id.*

Instead, the correct test to determine the relevant community is to focus on the forum in which the district court sits. For example, in *Ctr. for Biological Diversity v. EPA*, No. C 17-00720 WHA, 2017 U.S. Dist. LEXIS 213709 (N.D. Cal. Dec. 4, 2017), the litigation focused on issues in the San Joaquin Valley, and two of the attorneys were affiliated with law offices outside of the Bay Area, but the court determined that the relevant community was the San Francisco Bay Area because the litigation was before the United States District Court for the Northern District of California.

Similarly, in *Cotton v. City of Eureka*, 889 F. Supp. 2d 1154 (N.D. Cal. 2012), the court rejected evidence of rates from Los Angeles as not being relevant because it had determined that the legal community was San Francisco Bay Area, even though the lawyers involved were from Los Angeles, and the facts of the case, and the parties involved, were all situated in Humboldt County. In each of these cases, the court applied *Barjon* rule by determining that the relevant community was the San Francisco Bay Area, even though the parties, the lawyers, or the facts of the case were situated elsewhere. This court should do likewise.

In *Kernen*, the court distinguished the facts before it from the relevant case law discussed above. For example, the *Kernen* court distinguished *Ctr. for Biological Diversity* on the grounds that the *Kernen* case was "brought between parties and counsel all based in Humboldt County," *Kernen* at 3:12-14, whereas the parties and counsel in *Ctr. for Biological Diversity* were located outside of Humboldt County. The court in *Ctr. for Biological Diversity* ruled that the locations of parties and counsel were not determinative of the relevant community, and instead it was the forum in which the district court sits that determined the relevant community. *Ctr. for Biological Diversity v. EPA*, No. C 17-00720 WHA, 2017 U.S. Dist. LEXIS 213709, at *14 (N.D. Cal. Dec. 4, 2017). In *Ctr. for Biological Diversity*, the case was brought in the district court located in the San Francisco Bay Area, and, rather than apply San Joaquin rates – where the facts of the case were situated – or rates from outside the Bay Area – where two of the attorneys were located – the court applied Bay Area rates. *Id.* The analysis in *Ctr. for Biological Diversity*, therefore, focused not on where the parties were located, but rather on what forum the action was brought.

The court in *Kernen* acknowledged that the court in *Cotton* concluded that the relevant legal community was the San Francisco Bay Area – despite the facts of the case being located entirely in Humboldt County – but then declined to follow *Cotton* in applying the *Barjon* rule. *Kernen* at 3:16-18. The court in *Kernen* concluded that the *Cotton* court "ultimately reduced the requested rates given that the case facts occurred in Eureka." This, again, is not the correct legal test. Also, the *Cotton* court did not actually reduce the rates because the case facts occurred in Eureka. *Id.* Instead,

the *Cotton* court "set the reasonable market rate for Plaintiffs' services after considering *L.H.*,[2] *Blackwell*,[3] *Prison Legal News*,[4] and the cases listed in Appendix C[5] as probative of market rates in the **San Francisco Bay Area**." *Cotton v. City of Eureka*, 889 F. Supp. 2d 1154, 1171 (N.D. Cal. 2012) (emphasis added). None of the authorities cited by the *Cotton* court provided information probative of market rates in Humboldt County, because the court in *Cotton* did not apply Humboldt County market rates.

In its request for fees in the present case, Plaintiff did not include the fee award in *Kernen* because Plaintiff believes that that award is not representative of the prevailing market rates in the relevant community. Because the *Kernen* court focused on prevailing market rates local to Humboldt County, the rates awarded are not probative of the prevailing market rates for the San Francisco Bay Area. It would be an error to apply the reasoning of *Kernen* to the facts of this case, for the reasons stated above.

**2. The Rates Requested by Plaintiff Are Reasonable**

The Report and Recommendation found the declarations of David Williams and William Verick to be "vague and conclusory" because they "do not provide specific information about the hourly rates of comparable attorneys to support the reasonableness of the requested rates." Report and Recommendation at 22:28-23:2. To address these concerns, Plaintiff sets forth the following specific information about hourly rates of comparable attorneys that were recently found to be reasonable in the Northern District of California. For Mr. Packard, a lawyer with 30 years of experience:

| Name of Attorney and Years of Experience When Requesting Rate | Hourly Rate Found Reasonable | Year of Rate | Case Citation |
|---|---|---|---|

[2] *L.H. v. Schwarzenegger*, 645 F. Supp. 2d 888 (E.D. Cal. 2009) (an Eastern District case determining San Francisco rates because local counsel was unavailable).
[3] *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1082 (N.D. Cal. 2010) (a Northern District case applying San Francisco rates).
[4] *Prison Legal News v. Schwarzenegger*, 608 F.3d 446 (9th Cir. 2010) (a Ninth Circuit case applying San Frisco rates because the underlying action was brought in the Northern District of California).
[5] Appendix C is a list of cases compiled by the *Cotton* court that, in its estimation, were probative of Bay Area rates, not Eureka or Humboldt County rates. Cotton v. City of Eureka, 889 F. Supp. 2d 1154, 1181 (N.D. Cal. 2012).

| | | | |
|---|---|---|---|
| Adam Gutride (26 years) | $1,050.00 | 2020 | *Carlotti v. Asus Comput. Int'l*, No. 18-03369-DMR, 2020 U.S. Dist. LEXIS 108917 (N.D. Cal. June 22, 2020) |
| Arthur Stock (33 years) | $914.00 | 2022 | *Chess v. Volkswagen Grp. of Am., Inc.*, No. 17-07287-HSG, 2022 U.S. Dist. LEXIS 164145 (N.D. Cal. Sep. 12, 2022) |
| Gregory Coleman (33 years) | $1,100.00 | 2022 | *Chess v. Volkswagen Grp. of Am., Inc.*, No. 17-07287-HSG, 2022 U.S. Dist. LEXIS 164145 (N.D. Cal. Sep. 12, 2022) |
| Ann Marie Mortimer (29 years) | $1,085.00 | 2021 | *Facebook, Inc. v. Sahinturk*, No. 20-08153-JSC, 2022 U.S. Dist. LEXIS 108565 (N.D. Cal. June 17, 2022) |
| Ann Marie Mortimer (30 years) | $1,165.00 | 2022 | *Facebook, Inc. v. Sahinturk*, No. 20-08153-JSC, 2022 U.S. Dist. LEXIS 108565 (N.D. Cal. June 17, 2022) |
| Joel Bernstein (27 years) | $995.00 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Mark J. Dearman (27 years) | $1,025.00 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Jason A. Forge (27 years) | $1,100.00 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Paul J. Geller (27 years) | $1,325.00 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Jonathan Gardner (29 years) | $1,050.00 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Travis E. Downs III (30 years) | $1,070.00 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Randi D. Bandman (31 years) | $1,070.00 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Stewart, Ellen A. Gusikoff (31 years) | $1,080.00 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| James I. Jaconette (26 years) | $995.00 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.*, No. 19-04744-WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |
| Jason A. Forge (28 years) | $1,100.00 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.*, No. 19-04744-WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |

| Darren J. Robbins (28 years) | $1,325.00 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.*, No. 19-04744-WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |
|---|---|---|---|
| Samuel H. Rudman (29 years) | $1,325.00 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.*, No. 19-04744-WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |
| Steven G. Kobre (27 years) | $1,275.00 | 2020 | *Schneider v. Chipotle Mexican Grill, Inc.*, 337 F.R.D. 588 (N.D. Cal. 2020) |
| Laurence D. King (32 years) | $910.00 | 2020 | *Schneider v. Chipotle Mexican Grill, Inc.*, 337 F.R.D. 588 (N.D. Cal. 2020) |
| Matthew I. Menchel (33 years) | $1,275.00 | 2020 | *Schneider v. Chipotle Mexican Grill, Inc.*, 337 F.R.D. 588 (N.D. Cal. 2020) |
| Michael Sobol (33 years) | $1,025.00 | 2022 | *Vianu v. AT&T Mobility LLC*, No. 19-03602-LB, 2022 U.S. Dist. LEXIS 203520 (N.D. Cal. Nov. 8, 2022) |
| Edward Colbert (33 years) | $1,110.00 | 2019 | *Vineyard House, LLC v. Constellation Brands United States Operations, Inc.*, No. 19-01424-YGR, 2021 U.S. Dist. LEXIS 141106 (N.D. Cal. July 28, 2021) |

The following chart summarizes rates that were found to be reasonable for attorneys with between five and nineteen years less experience than Mr. Packard:

| **Name of Attorney and Years of Experience When Requesting Rate** | **Hourly Rate Found Reasonable** | **Year of Rate** | **Case Citation** |
|---|---|---|---|
| Mark Poe (18 years) | $1,000.00 | 2020 | *Adtrader, Inc. v. Google LLC*, No. 17-07082-BLF, 2020 U.S. Dist. LEXIS 71654 (N.D. Cal. Mar. 16, 2020) |
| Randolph Gaw (18 years) | $1,000.00 | 2020 | *Adtrader, Inc. v. Google LLC*, No. 17-07082-BLF, 2020 U.S. Dist. LEXIS 71654 (N.D. Cal. Mar. 16, 2020) |
| Marie McCrary (12 years) | $950.00 | 2020 | *Carlotti v. Asus Comput. Int'l*, No. 18-03369-DMR, 2020 U.S. Dist. LEXIS 108917 (N.D. Cal. June 22, 2020) |
| Matthew McCrary (11 years) | $925.00 | 2020 | *Carlotti v. Asus Comput. Int'l*, No. 18-03369-DMR, 2020 U.S. Dist. LEXIS 108917 (N.D. Cal. June 22, 2020) |
| Seth Safier (22 years) | $1,050.00 | 2020 | *Carlotti v. Asus Comput. Int'l*, No. 18-03369-DMR, 2020 U.S. Dist. LEXIS 108917 (N.D. Cal. June 22, 2020) |

| | | | |
|---|---|---|---|
| James E. Barz (22 years) | $1,025.00 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Jay Edelson (23 years) | $1,150.00 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Nicole Zeiss (24 years) | $950.00 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Shawn A. Williams (25 years) | $1,100.00 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Stuart Davidson (24 years) | $970.00 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Nicholas I. Porritt (25 years) | $1,000.00 | 2021 | *Kuraica v. Dropbox, Inc.*, No. 19-06348-BLF, 2021 U.S. Dist. LEXIS 235394 (N.D. Cal. Dec. 8, 2021) |
| Damali Taylor (12 years) | $935.00 | 2021 | *Mogan v. Sacks, Ricketts & Case LLP*, No. 21-08431-TSH, 2022 U.S. Dist. LEXIS 83681 (N.D. Cal. May 9, 2022) |
| Damali Taylor (13 years | $1,015.75 | 2022 | *Mogan v. Sacks, Ricketts & Case LLP*, No. 21-08431-TSH, 2022 U.S. Dist. LEXIS 83681 (N.D. Cal. May 9, 2022) |
| Reed W. L. Marcy (25 years) | $950.00 | 2022 | *Nucci v. Rite Aid Corp.*, No. 19-01434-LB, 2022 U.S. Dist. LEXIS 94936 (N.D. Cal. May 26, 2022) |
| Debra J. Wyman (24 years) | $945.00 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.*, No. 19-04744-WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |
| Douglas R. Britton (25 years) | $970.00 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.*, No. 19-04744-WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |
| Joseph D. Daley (25 years) | $970.00 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.*, No. 19-04744-WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |
| Peter Borkon (25 years) | $950.00 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.*, No. 19-04744-WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |
| Javier Bleichmar (23 years) | $985.00 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.*, No. 19-04744-WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |
| Joseph Fonti (22 years) | $985.00 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.*, No. 19-04744-WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |
| Hartley M.K. West (23 years) | $995.00 | 2020 | *Schneider v. Chipotle Mexican Grill, Inc.*, 337 F.R.D. 588 (N.D. Cal. 2020) |

For Mr. Carlon, a lawyer with 8 years of experience:

| **Name of Attorney and Years of Experience When Requesting Rate** | **Hourly Rate Found Reasonable** | **Year of Rate** | **Case Citation** |
|---|---|---|---|
| William Ladnier (7 years) | $575.00 | 2022 | *Chess v. Volkswagen Grp. of Am., Inc.*, No. 17-07287-HSG, 2022 U.S. Dist. LEXIS 164145 (N.D. Cal. Sep. 12, 2022) |
| Jeff R. R. Nelson (7 years) | $725.00 | 2021 | *Facebook, Inc. v. Sahinturk*, No. 20-08153-JSC, 2022 U.S. Dist. LEXIS 108565 (N.D. Cal. June 17, 2022) |
| Jeff R. R. Nelson (8 years) | $865.00 | 2022 | *Facebook, Inc. v. Sahinturk*, No. 20-08153-JSC, 2022 U.S. Dist. LEXIS 108565 (N.D. Cal. June 17, 2022) |
| Jesse Medlong (8 years) | $840.00 | 2022 | *Hamilton Clark Sustainable Capital, Inc. v. Am. Biodiesel, Inc.*, No. 22-05274-WHO, 2023 U.S. Dist. LEXIS 20509 (N.D. Cal. Feb. 7, 2023) |
| J. Aaron Lawson (7 years) | $550.00 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| John H. George (7 years) | $560.00 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Ross Kamhi (8 years) | $550.00 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| J. Dominic Larry (8 years) | $550.00 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| David I. Mindell (8 years) | $685.00 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Rachel E. Kaufman (9 years) | $730.00 | 2020 | *Izor v. Abacus Data Sys.*, No. 19-01057-HSG, 2020 U.S. Dist. LEXIS 239999 (N.D. Cal. Dec. 21, 2020) |
| Brent Robinson (9 years) | $690.00 | 2022 | *Nucci v. Rite Aid Corp.*, No. 19-01434-LB, 2022 U.S. Dist. LEXIS 94936 (N.D. Cal. May 26, 2022) |
| Thayne Stoddard (7 years) | $655.00 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.*, No. 19-04744-WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |
| William Green (8 years) | $495.00 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.*, No. 19-04744-WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |
| Brian E. Cochran (9 years) | $760.00 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.*, No. 19-04744-WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |
| Avery Halfon (7 years) | $505.00 | 2022 | *Vianu v. AT&T Mobility LLC*, No. 19-03602-LB, 2022 U.S. Dist. LEXIS 203520 (N.D. Cal. Nov. 8, 2022) |

| | | | |
|---|---|---|---|
| Jeremy Boczko (7 years) | $685.00 | 2019 | *Vineyard House, LLC v. Constellation Brands United States Operations, Inc.*, No. 19-01424-YGR, 2021 U.S. Dist. LEXIS 141106 (N.D. Cal. July 28, 2021) |
| Armin Ghiam (7 years) | $795.00 | 2021 | *Vineyard House, LLC v. Constellation Brands United States Operations, Inc.*, No. 19-01424-YGR, 2021 U.S. Dist. LEXIS 141106 (N.D. Cal. July 28, 2021) |
| Jeremy Boczko (8 years) | $850.00 | 2020 | *Vineyard House, LLC v. Constellation Brands United States Operations, Inc.*, No. 19-01424-YGR, 2021 U.S. Dist. LEXIS 141106 (N.D. Cal. July 28, 2021) |
| Jeremy Boczko (9 years) | $885.00 | 2021 | *Vineyard House, LLC v. Constellation Brands United States Operations, Inc.*, No. 19-01424-YGR, 2021 U.S. Dist. LEXIS 141106 (N.D. Cal. July 28, 2021) |

The data points above corroborate the Verick and Williams declarations that the rates sought by Plaintiff in this action – $825 for Mr. Packard and $450 for Mr. Carlon – are reasonable and are in line with, if not less than, the prevailing market rates for attorneys of similar experience, skill, and reputation in the relevant market. ECF Nos. 19-3 at ¶¶ 4-6; 19-4 at ¶¶ 6-8.

Judges in this Court have sometimes relied on the "Laffey Matrix," available at http://www.laffeymatrix.com/see.html, in checking the reasonableness of attorneys' hourly rates. *See, e.g.*, *Vasquez v. Libre By Nexus, Inc.*, No. 17-00755-CW, 2023 U.S. Dist. LEXIS 11334, at *42 n.7 (N.D. Cal. Jan. 23, 2023). While these Laffey Matrix rates are based on data for complex federal litigation in Washington, D.C., they do provide a sense of scale for complex federal litigation in other major urban areas. The Laffey Matrix provides for 2023 hourly rates of $1,057 per hour for attorneys with 20+ years of experience and $777 per hour for attorneys with 8-10 years of experience. *See* http://www.laffeymatrix.com/see.html.[6] Plaintiff's counsel's rates here are all lower than the Laffey Matrix rates, which is further evidence as to their reasonableness.

CONCLUSION

The Report and Recommendation applies the wrong legal test to determine what the relevant community is for the purpose of determining reasonable hourly rates for Plaintiff's attorneys. Rather than use the forum in which the district court sits, the Report and Recommendation used the location of Plaintiff's counsel. Plaintiff has provided ample evidence supporting the reasonableness of its

[6] Last accessed December 1, 2023.

requested rates. For these reasons, Plaintiff requests that in making its de novo determination, this Court entirely disregard the recommendations of the Magistrate Judge with respect to the reasonableness of Plaintiff's requested rates on the grounds that they are predicated on the erroneous application of law.

Dated: December 1, 2023          LAW OFFICES OF ANDREW L. PACKARD

                                 By: /s/ William N. Carlon
                                     William N. Carlon
                                     Attorneys for Plaintiff
                                     CALIFORNIA SPORTFISHING PROTECTION ALLIANCE